Day, Chief Judge.
The railroad company, on the 24th of October, 1865, gave a verbal order to Dickey for car lumber, to consist of sawed timber from nine to thirty feet in length, and from four to six inches by five to twelve inches iu size.
On the 9th of March, 1866, the order was countermanded. The right of the company to revoke the order does not appear to have been questioned; but the contest related solely *19 ■to tho extent of the limitation of the original order contained in the rescinding order.
It is claimed by the company that the original order was revoked to the full extent, except as to such sticks of the timber ordered as Dickey then had sawed and ready for delivery. On the other hand, it is claimed that all the logs Dickey then had at his mill ready to be sawed, were exempted from the revocation.
The question, then, is, whether the contract as made by the original and subsequent countermanding orders included the unsawed logs on hand, as well as the timber then sawed.
The first clause of the countermanding order is a full revocation of the original order, and the reason assigned is that the company “ could not wait, and had to get the timber elsewhere.” The word “ timber ” in this clause evidently refers to the sawed lumber originally ordered. In the next clause, permission is given to deliver “the few sticks” then ready. The word “sticks” here evidently refers to the word “ timber ” in the sense it is used in the former clause, meaning sticks of timber then ready. The word “sticks” can not mean the unsawed logs on hand, as if the writing had said “you may send us the logs you have now ready.” It evidently refers to the sawed sticks of timber then ready for delivery. It was not logs, but sawed lumber that was> ordered ; and that sawed sticks were alone referred to, is evinced by the concluding clause, which clearly interdicts the sawing of “ any more ” sticks, logs or timber, in -any sense either of the words may be used. The contract, as composed of the orders in question, did not, then, include the unsawed logs.
The court, therefore, erred in charging the jury that it was the right of Dickey, under a fair construction of the ■original order and revoking order, to saw the logs on hand, and deliver the lumber .in fulfillment of the contract.
What rights, if any, Dickey had to recover damages for the revocation of the original order, we are not called upon to determine; for the action was not brought for the *20 breach of a subsisting contract, but it was brought for a specified quantity of lumber sold and delivered by Dickey to the company, as upon an executed contract.
So far as the contract affected the rights of the parties, they were entitled to a correct construction of it. That given by the court, we think, was unwarranted, and was to the prejudice of the plaintiff in error. The judgment of the district court, and that of the common pleas, must,., therefore, be reversed, and the cause remanded to the latter court for a new trial.

Judgment accordingly.